

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2003

# Lu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4198

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lu v. Atty Gen USA" (2003). *2003 Decisions.* Paper 274.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/274

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

# MEMORANDUM

September 8, 2003

To:         Marcia Waldron, Clerk

From:       Judge Ambro

Re:         **Wen Cheng Lu v. Ashcroft, Atty Gen USA**
            No. 02-4198
            Submitted July 31, 2003

Dear Marcy:

        Enclosed for filing is a not precedential opinion in the above captioned matter.  A signed original is being placed in the mail to you today.

                        Sincerely,


                        Thomas L. Ambro


TLA/ljv

Attachment
cc:     Chief Judge Scirica
        Judge Rendell
        PACRATS

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4198

WEN CHENG LU,
a/k/a Lu Wen Cheng,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

Respondent

On Appeal from an Order Entered in
The Board of Immigration Appeals
(No. A 73-854-254)

Submitted Under Third Circuit LAR 34.1(a)
July 31, 2003

Before: SCIRICA, Chief Judge, RENDELL and AMBRO, Circuit Judges

(Opinion filed: September 11, 2003)

OPINION

AMBRO, Circuit Judge

The Immigration and Naturalization Service ("INS") instituted removal

proceedings against petitioner Wen Cheng Lu, who sought asylum, withholding of deportation and voluntary departure under the Immigration and Nationality Act ("INA"). Denied relief by the Immigration Judge ("IJ"), Lu appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision. He subsequently filed this petition for review, a petition that we dismiss.

## I.      Facts and Procedural History

Wen Cheng Lu is a eighteen-year-old native and citizen of the People's Republic of China. He attempted to enter the United States on September 5, 1997 under a passport issued in the name of Bing Xing Zheng that contained a lawful permanent resident stamp. At a secondary inspection point, Lu admitted that the passport did not belong to him. He told the immigration officer that he had left China because he wanted to make more money. The INS[1] placed Lu in removal proceedings, charging him as an arriving alien not in possession of valid entry documents and as an arriving alien likely to become a public charge. INA § 212(a)(7)(A)(i)(I) and (a)(5); 8 U.S.C. § 1227(a)(7)(A)(i)(I) and (a)(5). Lu applied for asylum, withholding of removal and voluntary departure.

At Lu's removal hearing, the IJ concluded that the INS had not proven that Lu would likely become a public charge. Lu, however, admitted that he did not possess valid

---

[1] As a result of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002), the INS has ceased to exist as an agency within the Department of Justice and its enforcement functions have been transferred to the Department of Homeland Security.

2

entry documents and the IJ therefore found him removable on that basis. Lu argued that he was entitled to asylum because, he alleged, both he and his family had suffered persecution as a result of their violation of and opposition to China's family planning policy. In 1979, China enacted a family planning policy designed to limit family sizes. Lu's family violated that policy by having more than one child; Lu was, in fact, the first of four children. He testified that his mother was threatened with forced sterilization. He further stated that he was not allowed to attend school in his hometown because his mother had not been sterilized, although he was allowed to attend school in another village. Lu also testified that he wrote a letter and posted it outside the Board of Education, claiming that the family planning policies had caused his family to be separated and him to lose his educational rights. He did not sign the letter and told the police that he had not written the letter.

The IJ rejected Lu's claims for asylum because he found Lu's testimony not credible. He also found that, even if Lu's testimony were credible, he had not stated a claim for persecution. Finally, because the IJ concluded that Lu's "application for asylum was an intentional attempt to deceive the Court, to mislead the Court to obtain a benefit under the Act through fabrications" and was therefore frivolous, he found Lu ineligible for voluntary departure.

Lu appealed to the BIA. It affirmed in part and reversed in part. It dismissed as unpersuasive Lu's arguments that the IJ's credibility findings did not concern material

3

portions of Lu's testimony. The IJ's adverse credibility findings were "based on inconsistencies and omissions that are central to the claim," the BIA found. Further, "the discrepancies and omissions are actually present in the record" and those inconsistencies "provide specific and cogent reasons for the adverse credibility findings." The BIA also held that, even assuming Lu had testified credibly, he failed to establish that he had suffered past persecution or had a reasonable fear of future persecution. Lu was "at best, the child of an individual who may have been persecuted in China due to her violation of China's family planning policies; however, we do not find that a child of a person who has been subject to harm due to her violation of coercive population control policies in China" is a refugee entitled to asylum. Finally, the BIA reversed the IJ's conclusion that Lu was not entitled to voluntary departure because it concluded that Lu had not filed a frivolous asylum application, and granted Lu voluntary departure. This appeal followed.[2]

## II.     Discussion

The Attorney General may grant asylum to an alien who demonstrates that he or she is a refugee. INA, § 208(b)(1), 8 U.S.C. § 1158(b)(1). A refugee is someone who is unable or unwilling to return to his or her country because of a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1158(b)(1). An applicant is

---

[2]This Court has jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001).

eligible for asylum on the basis of past persecution if he or she can show: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." Gao v. Ashcroft, 299 F.3d 266, 271-72 (3d Cir. 2002). An applicant is eligible for asylum because of his or her fear of future persecution upon showing both that he or she possesses a genuine fear and that a reasonable person would fear persecution if returned to that country. Id. at 272. Aliens bear the burden of supporting their asylum claims through credible testimony. Id.

Here, the BIA found that Lu failed to meet his burden to demonstrate past persecution or a well-founded fear of future persecution because his testimony was not credible. We review that finding under the substantial evidence standard. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001) (citing INS v. Elias-Zacarias, 502 U.S. 478 (1992)). Under this standard, we may reverse only if we conclude "that the evidence not only supports [the opposite] conclusion but compels it." Elias-Zacarias, 502 U.S. at 481 n.1 (emphasis in text). We uphold credibility determinations that are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Abdille, 242 F.3d at 483. Only discrepancies that "involve the heart of the asylum claim" can support an adverse credibility finding. Gao, 299 F.3d at 272. "Minor inconsistencies that reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." Id.

5

The BIA's conclusion that Lu's testimony was not credible is supported by substantial evidence in the record. As explained in detail by the IJ, there are numerous inconsistencies between Lu's testimony at his removal hearing, the information Lu provided in his asylum application and his testimony to immigration officers at the airport. These inconsistencies involve matters ranging from the time when Lu's mother began to be harassed by family planning officials (right after Lu's birth in 1981, beginning in 1983 after the birth of his sister, or starting in 1994 after the birth of her fourth child) to the type of punishment Lu's mother was threatened with during a visit by the family planning officials in February 1995 (a fine according to one version, a notice of required sterilization according to another account). These inconsistencies go to the heart of Lu's asylum claim. Gao, 299 F.3d at 272.

As a result, we conclude that the BIA's adverse credibility finding is supported by substantial evidence. Because we conclude that the BIA's adverse credibility determination is supported by substantial evidence, we need not consider whether Lu is entitled to asylum because of the alleged persecution he suffered as a result of his and his family's opposition to China's family planning policy.

\* \* \* \*

For these reasons, we dismiss Lu's petition for review.

By the Court,


 /s/  Thomas L. Ambro
Circuit Judge